UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ERIC K. IBARRA-BERRIOS & ENID V. TORRES-MARTÍNEZ,

Plaintiffs,

v.

ACI-HERZOG, A JOINT VENTURE; et al.,

Defendants.

CIVIL NO. 19-2102 (GAG)

## OPINION AND ORDER

Eric K. Ibarra-Berrios ("Mr. Ibarra-Berrios") and his wife Enid V. Torres-Martínez ("Ms. Torres-Martínez"), collectively Plaintiffs, filed this suit against Mr. Ibarra-Berrios' former employer Alternate Concepts, Inc. and Herzog Transit Services, Inc., doing business as ACI-HERZOG, A Joint Venture ("ACI-HERZOG"), collectively Defendants, asserting claims pursuant to: (1) the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; (2) Puerto Rico Law No. 44 of July 2, 1985 ("Law 44"), P.R. LAWS ANN. tit. 1, §§ 501, *et seq.*; (3) Puerto Rico Law No. 80 of May 30, 1976 ("Law 80"), P.R. LAWS ANN. tit. 29, §§ 185, *et seq.*; (4) Puerto Rico Law No. 100 of June 30, 1959 ("Law 100"), P.R. LAWS ANN. tit. 29, §§ 146, *et seq.*; (5) Puerto Rico Law No. 115 of December 20, 1991 ("Law 115"), P.R. LAWS ANN. tit. 29, §§ 194, *et seq.*, and (6) Articles 1802 and 1803 of the Puerto Rico Civil Code ("Articles 1802 and 1803"), P.R. LAWS ANN. tit. 31, §§ 5141-42.  (Docket No. 1).  Plaintiffs allege under the ADA as well as its Commonwealth of Puerto Rico law equivalent Law 44 and Law 115 that ACI-HERZOG discriminated against Mr. Ibarra-Berrios on account of his disability and retaliated against him for filing administrative complaints.  (Docket No. 1).

**Civil No. 19-2102 (GAG)**

Pending before the Court is Defendants' motion to dismiss Plaintiffs' claims for individual liability against two of its employees under the ADA, Law 44, and Law 115. (Docket No. 16). In addition, Defendants petition the Court to dismiss Plaintiffs' supplemental Commonwealth law claims of: (1) wrongful dismissal under Law 80, (2) employment discrimination under Law 100, and (3) negligence under Articles 1802 and 1803. Id. Plaintiffs opposed. (Docket No. 24). Per leave of Court, Defendants replied and Plaintiffs sur-replied. (Docket Nos. 27, 34).

After reviewing the parties' submissions and applicable law, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss for failure to state a claim at Docket No. 16.

**I.  Relevant Factual Background**

For purposes of this motion to dismiss, the Court accepts as true all the factual allegations in the Complaint and construes all reasonable inferences in favor of Plaintiffs. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

On November 18, 2017, Mr. Ibarra-Berrios, while riding his motorcycle to work, was struck by a vehicle that made an illegal turn on Road Number 2 at Bayamón. (Docket No. 1 ¶ 16). Mr. Ibarra-Berrios suffered physical injuries as a result of the collision. Id. ¶ 17. His right leg was amputated and had to take physical therapy for his recovery. Id. The amputation incapacitated his walking ability. Id. He requires a leg prosthesis to be able to walk. Id.

At the time of the accident, Mr. Ibarra-Berrios worked for ACI-HERZOG for eleven years as a heavy equipment operator at the Puerto Rico Urban Train Station. Id. ¶ 15. Plaintiffs allege that according to its employee regulations, ACI-HERZOG was obligated to reserve Mr. Ibarra-Berrios' job for one year while he healed. Id. ¶ 19. Before the one-year term had expired, Mr. Ibarra-Berrios recovered from his injury and received a recommendation from Dr. Julio E. Dieppa to return to work with reasonable accommodation. Id. ¶ 20. Mr. Ibarra-Berrios contacted two ACI-HERZOG employees, Ivelisse Hernández-González and Ilia I. Iglesias-Torres, to request a return

to work with reasonable accommodation since, according to Mr. Ibarra-Berrios, the employee regulations did not provide a procedure to obtaining reasonable accommodation. (Docket No. 1 ¶ 21). He also contacted the Unión de Tronquistas—Local 901 ("the Union") to give notice of his request to return to work because the position of heavy equipment operator is covered by a collective bargaining agreement between the Union and ACI-HERZOG. Id. Mr. Ibarra-Berrios made two attempts to notify ACI-HERZOG and the Union of his request to return to work with reasonable accommodation. Id. ¶¶ 21-23. Mr. Ibarra-Berrios never heard back from ACI-HERZOG. Id. ¶ 23.

Consequently, he filed complaints with the Equal Employment Opportunity Commission as well as the Commonwealth's Department of Labor Antidiscrimination Unit. Id. ¶¶ 3, 23. ACI-HERZOG received notice of the complaints, notified the Union, and contacted Mr. Ibarra-Berrios requesting he attend a medical evaluation. Id. ¶ 24. Before attending the medical evaluation, Mr. Ibarra-Berrios talked with the Union's President, Argenys Carrillo, who told him that he had made a mistake by filing the complaints because ACI-HERZOG would retaliate against him and impede his return to work. Id. ¶ 25.

On November 2, 2018, ACI-HERZOG retained the medical services of Dr. Wilfredo J. Avilés-Maldonado, who questioned Mr. Ibarra-Berrios but did not perform a physical examination. Id. ¶ 27. On December 4, 2018, Mr. Ibarra-Berrios received a letter from ACI-HERZOG signed by Ivelisse Hernández-González notifying that he had been terminated from his employment. Id. ¶ 28.

## II.  Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process using the current context-based "plausibility" standard established by the Supreme Court. See Schatz v. Republican State Leadership Comm'n., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández

3

v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz, 669 F.3d at 55. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Second, the Court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 679). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

Additionally, at the motion to dismiss stage, "the Court may consider: [1] 'implications from documents' attached to or fairly 'incorporated into the complaint,' [2] 'facts' susceptible to 'judicial notice,' and [3] 'concessions' in plaintiff's 'response to the motion to dismiss.'" Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013) (quoting Schatz, 669 F.3d at 55-56). At the Court's discretion, if it chooses to consider materials outside the pleadings, a motion to dismiss should be

converted to a motion for summary judgment under Fed. R. Civ. P. 56.  See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).  Although documents not attached to the complaint are prohibited unless the proceeding is properly converted into one for summary judgment, courts have made narrow exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

### III. Discussion

Plaintiffs allege that Mr. Ibarra-Berrios was discriminated against because of his disability when he was terminated and retaliated against after he filed administrative complaints against ACI-HERZOG.  (Docket No. 1 ¶ 30-31).  Plaintiffs argue ACI-HERZOG terminated Mr. Ibarra-Berrios because Dr. Aviles-Maldonado's report indicated that Mr. Ibarra-Berrios would not be able to perform the essential duties of his position as heavy equipment operator or an alternative position of station attendant with or without reasonable accommodation.  Id.  According to Plaintiffs, ACI-HERZOG's reasoning is based on an incorrect interpretation of their own doctor's report.  Id. ¶ 29.

Plaintiffs assert these claims under the ADA (forbidding disability discrimination and prohibiting retaliation) as well as its Commonwealth law equivalent Law 44 (forbidding disability discrimination) and Law 115 (prohibiting retaliation).  Id. ¶¶ 34-44.  In addition, Plaintiffs claim under Commonwealth law that Mr. Ibarra-Berrios was wrongfully dismissed under Law 80 and discriminated against by an employer under Law 100 while his wife Ms. Torres-Martínez suffered damages as a result of Defendants' actions under the Commonwealth's general tort statute of Articles 1802 and 1803.  Id. ¶¶ 39-44.

**Civil No. 19-2102 (GAG)**

Pursuant to FED. R. CIV. P. 12(b)(6), ACI-HERZOG seeks dismissal of Plaintiffs' claims for individual liability against two of its employees under the ADA, Law 44, and Law 115. (Docket No. 16 at 3-5). Furthermore, ACI-HERZOG moves to dismiss Plaintiffs' supplemental claims of (1) wrongful dismissal under Law 80, (2) employment discrimination under Law 100, and (3) negligence under Articles 1802 and 1803. (Docket No. 16 at 3, 5-7).

    a.  <u>ADA: Individual Liability</u>

It is well-settled that the ADA does not apply to employees in their individual capacity. <u>Román-Oliveras v. P.R. Elec. Power Auth.</u>, 655 F.3d 43, 52 (1st Cir. 2011); <u>Torres v. Junto de Gobierno de Servicio de Emergencia</u>, 91 F. Supp. 3d 243, 250 (D.P.R. 2015). Thus, Plaintiffs' ADA claims against the two ACI-HERZOG employees, Ivelisse Hernández-González and Ilia I. Iglesias-Torres, in their individual capacity fail as a matter of law.

After reviewing the complaint, pertinent law, and taking into consideration Plaintiffs' concession that their individual liability claim is not plausible, the Court **DISMISSES** Plaintiffs' claims under the ADA exclusively against ACI-HERZOG's employees Ivelisse Hernández-González and Ilia I. Iglesias-Torres in their individual capacity. (Docket No. 24 at 5, 10).

    b.  <u>Supplemental Commonwealth Claims</u>

Based on the same set of facts giving rise to their ADA claims, Plaintiffs invoke supplemental jurisdiction under 28 U.S.C. § 1367 to assert the Commonwealth law claims of Law 44, Law 115, Law 80, Law 100, and Articles 1802 and 1803. (Docket No. 1 ¶¶ 39-44).

When deciding whether to assert supplemental jurisdiction, the Court "must exercise informed discretion." <u>Redondo Const. Corp. v. Izquierdo</u>, 662 F.3d 42, 49 (1st Cir. 2011). Even though the Court is not governed by a categorical rule, it "must weigh concerns of comity, judicial economy, convenience, and fairness" when exercising jurisdiction over state law claims. <u>Id.</u> The

suitable inquiry is "pragmatic and case-specific." Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996).

The Court will exercise supplemental jurisdiction over Law 44, Law 115, Law 80, Law 100, and Articles 1802 and 1803. Judicial economy and fairness compel the Court to entertain the Commonwealth law causes of action.

### i.  *Law 44 and Law 115: Individual Liability*

Law 44 prohibits any public or private institution that receives funds from the Commonwealth to "discriminate against persons with some type of physical or mental disability." P.R. Laws Ann. tit. 1, § 504. Law 44 was modeled after the ADA and sought to harmonize Commonwealth law with federal ADA provisions. See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 87 (1st Cir. 2008). The Commonwealth's Supreme Court has yet to rule on the question of individual liability under Law 44. See Cardona Roman v. Univ. of P.R., 799 F. Supp. 2d 120, 131-32 (D.P.R. 2011). But courts in this District—and even the Commonwealth's Court of Appeals—have repeatedly held that there is no individual liability under Law 44. Id. at 131, n. 10 (collecting cases). The reason behind the refusal to recognize individual liability under Law 44 is that the ADA and Law 44 are almost identical, and as the ADA does not provide for individual liability, neither should Law 44. See Torres v. House of Representatives of the Commonwealth of P.R., 858 F. Supp. 2d 172, 194 (D.P.R. 2012) (finding no basis for individual liability under Law 44 on rationale that its model, the ADA, does not provide for individual liability). Thus, Plaintiffs' Law 44 claims against two ACI-HERZOG employees, Ivelisse Hernández-González and Ilia I. Iglesias-Torres, in their individual capacity fail as a matter of law.

Law 115 forbids employers from discriminating against employees for offering written or verbal testimony before legislative, judicial, or administrative forums. P.R. Laws Ann. tit. 29, § 194a. The Commonwealth's Supreme Court held that Law 115 stems from the text of the act that

the sanctions imposed therein are only against the employer, and thus, the statute contains no provision imposing individual liability. See Perez-Molina v. P.R. Elec. Power Auth., Civil No. 13-1638 (DRD), 2018 WL 1010286, at *1, n. 1 (D.P.R. 2018); see also Torres, 858 F. Supp. 2d at 193-94. This Court has previously noted this Supreme Court determination that Law 115 does not provide for individual liability. See Galarza-Cruz v. Grupo HIMA San Pablo, Inc., Civil No. 17-606 (PAD), 2018 WL 324863, at *3 (D.P.R. 2018). Accordingly, Plaintiffs' Law 115 claims against two ACI-HERZOG employees, Ivelisse Hernández-González and Ilia I. Iglesias-Torres, in their individual capacity fail as a matter of law.

After reviewing the complaint, pertinent law, and taking into consideration Plaintiffs' concession that their individual liability claim is not plausible, the Court **DISMISSES** Plaintiffs' claims under Law 44 and Law 115 exclusively against ACI-HERZOG's employees Ivelisse Hernández-González and Ilia I. Iglesias-Torres in their individual capacity. (Docket No. 24 at 5-6, 10).

### ii. *Law 80: Wrongful Dismissal*

Plaintiffs allege that Mr. Ibarra-Berrios is entitled to relief for wrongful dismissal as prescribed in Law 80. (Docket No. 1 ¶ 43). As the Commonwealth's Wrongful Dismissal Act, Law 80 provides compensation for covered employees who have been dismissed without just cause. P.R. LAWS ANN. tit. 29, § 185a. An employee's initial burden under Law 80 is to show unjustified dismissal and actual dismissal. See Morales v. Nationwide Ins. Co., 237 F. Supp. 2d 147, 153 (D.P.R. 2002) (quoting Álvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co., 152 F.3d 17, 28 (1st Cir. 1998)).

Plaintiffs allege that ACI-HERZOG unjustly dismissed Mr. Ibarra-Berrios from his job based on discriminatory reasons on account of his disability as well as in retaliation for filing administrative complaints, and that Mr. Ibarra-Berrios was actually dismissed. (Docket No. 1 ¶

30). Defendants posit that that Mr. Ibarra-Berrios cannot avail himself of Law 80's protections because he does not qualify as a covered "employee" under Law 80. (Docket No. 16 at 3).

Law 80 defines "employee" to mean any person who works for an employer and receives compensation for his services. P.R. LAWS ANN. tit. 29, § 185n(e). The term "employee" does not include independent contractors, government employees, employees covered under a collective bargaining agreement in effect, or employees who work under a temporary employment contract for a fixed term or project. Id. Defendants claim—by reference only to Plaintiffs' complaint—that the job position of "heavy equipment operator" is covered by a collective bargaining agreement in effect. (Docket No. 16 at 3). However, Plaintiffs are not in possession of such collective bargaining agreement and require further factual development through discovery to clarify whether Mr. Ibarra-Berrios was covered by the collective bargaining agreement. Ruiz-Sánchez v. Goodyear Tire & Rubber Co., 717 F.3d 249, 256, n. 5 (1st Cir. 2013) (noting plaintiff's complaint contains nothing that would permit courts to resolve dispute on Rule 12(b)(6) motion). In Ruiz-Sánchez, the Court of Appeals for the First Circuit reversed the District Court's dismissal of a Law 80 claim and remanded it so that the parties could undertake further factual development necessary to inform a decision as to whether the Plaintiff was in fact protected by Law 80. Id. at 256.

The Court deems it appropriate to undertake the same course of action here. In light of the above, Defendants' motion to dismiss Plaintiffs' Law 80 claim is **DENIED**.

### iii. *Law 100: Employment Discrimination*

Law 100 forbids discrimination by an employer in the workplace by reason of age, race, color, sex, social or national origin or social condition, political affiliation, political or religious ideology, for being a victim of domestic violence, sexual aggression or stalking, or for being a service member. P.R. LAWS ANN. tit. 29, § 146. Plaintiffs' claims are based on allegations of discrimination on the account of disability, which is not covered by the statute. See Torres-Oliveras

v. Special Care Pharmacy Serv., Civil No. 10-1464 (MEL), 2011 WL 2199354, at *8 (D.P.R. 2011) (dismissing employment discrimination claim since disability is not a protected class under Law 100). Therefore, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claim pursuant to Law 100.

*iv. Articles 1802 and 1803: Negligence*

Mr. Ibarra-Berrios' wife, Ms. Torres-Martínez, brings a claim in the same action under Articles 1802 and 1803. (Docket No. 1 ¶ 44). Article 1802 is the Commonwealth's general tort statute, which states that a person who "causes damage to another through fault or negligence" shall be liable in damages. P.R. LAWS ANN. tit. 31, § 5141. On the other hand, Article 1803 applies the principle of respondent superior to Article 1802 claims. P.R. LAWS ANN. tit. 31, § 5142.

The Commonwealth's Supreme Court has held that, in certain circumstances, relatives of a person who have been the victim of workplace discrimination may bring claims under Article 1802 for any harm to them resulting from the discrimination. See Pagán-Colón v. Walgreens of San Patricio, Inc., 697 F.3d 1, 15-16 (1st Cir. 2012); see also Santini Rivera v. Serv. Air, Inc., 115 P.R. Dec. 598, Offic. Trans. (P.R. 1994). A relative's Article 1802 claim is derivative of the principal plaintiff's claim in that it is premised on some harm to the principal plaintiff, and "if the principal plaintiff's claim fails, so too does the relative's derivative claim." See Pagán-Colón, 697 F.3d at 16 (citing González-Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 320 (1st Cir. 2009).

The elements of an Article 1802 claim for family members are: "(1) the family members have allegedly suffered a compensable moral (emotional) harm; (2) the harm was caused by the employer's discriminatory treatment of his employee . . . in such a way that the impact of the discriminatory treatment received by the employee affects the family members and causes them harm; and (3) the employer committed a tortious act." See Pagán-Colón, 697 F.3d at 17.

**Civil No. 19-2102 (GAG)**

Here, Plaintiffs allege that Ms. Torres-Martínez suffered financial and emotional harm when she had to carry the load of their household due to her husband's termination as a result of ACI-HERZOG's discrimination and retaliation against her husband. (Docket Nos. 1 ¶¶ 31-32; 34 at 6). As such, Plaintiffs have sufficiently pled a cause of action upon which relief can be granted. Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' Articles 1802 and 1803 claim.

**IV.   Conclusion**

For the reasons expressed above, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss at Docket No. 16.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of December 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge